# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:11-CR-53

UNITED STATES OF AMERICA                                          PLAINTIFF

V.

LUDWIG J. SCOTT                                                                DEFENDANT

## MEMORANDUM OPINION & ORDER

This matter is before the Court on appeal from the United States District Court for the Western District of Kentucky Fort Campbell Division. Ludwig Scott appeals from the Judgment and Commitment Order entered by the United States magistrate judge at Fort Campbell, Kentucky on November 2, 2011. Both parties have filed briefs with the Court (DN 24, DN 25). This matter is now ripe for adjudication.

## BACKGROUND

Defendant Scott was charged with possession of cocaine, possession of crack cocaine, and possession of marijuana in violation of 21 U.S.C. § 844(a). A plea agreement was reached between Scott and the United States, and Scott pled guilty on March 3, 2010. Pursuant to the plea agreement, Scott agreed to plead guilty to the above charges in exchange for a government recommendation of twelve (12) months of probation with no imprisonment. In addition, the government agreed to not oppose 18 U.S.C. § 3607 treatment if Scott qualified and to dismiss two Violation Notices for driving on a suspended/revoked license at the time of sentencing.

Sentencing was originally scheduled for June 23, 2010. At the requests of Scott and his counsel, sentencing was continued three separate occasions. After Scott failed to appear at a sentencing hearing on October 6, 2010, a warrant was issued for his arrest. Scott was arrested on

October 18, 2011 in Maryland and transported back to the United States District Court for the Western District of Kentucky at Fort Campbell.

Sentencing was held on November 2, 2011 before the magistrate judge. Although Scott received a two-level reduction for acceptance of responsibility, the Pre-Sentence Report ("PSR") applied a two-level enhancement under U.S.S.G. § 3C1.1 for obstruction of justice. Thus, under the Sentencing Guidelines, Scott had a total offense level of 8 and a criminal history category of VI. Under such conditions, the sentencing guidelines range was 18 to 24 months imprisonment. Scott objected to the two-level enhancement at the sentencing hearing, but the magistrate judge overruled the objection after hearing arguments on the issue. The magistrate judge sentenced Scott to a total of 18 months imprisonment. Scott timely filed a notice of appeal.

## STANDARD

"In all cases of conviction by a United States magistrate judge an appeal of right shall lie from the judgment of the magistrate judge to a judge of the district court of the district in which the offense was committed." 18 U.S.C. § 3402. Under Federal Rule of Criminal Procedure 58(g)(2)(B), "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." Fed.R.Crim.P. 58(g)(2)(B). "The scope of the appeal is the same as an appeal to the court of appeals from a judgment entered by a district judge." Fed.R.Crim.P. 58(g)(2)(D). The district court may consider the original papers, exhibits, recording of the proceedings, and certified copies of docket entries. Fed.R.Crim.P. 58(g)(2)(C).

## ANALYSIS

Scott argues that his 18-month sentence was unreasonable for the following reasons: (1) the magistrate judge offered no articulation of his reasoning for the sentence imposed; (2) the

magistrate judge inappropriately applied a two-level enhancement for obstruction of justice; and (3) the sentence was greater than necessary to achieve justice.

Under the Sentencing Guidelines system, a court reviews a sentencing judge's sentence for substantive reasonableness under an abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). However, first the reviewing court "must ensure that the [sentencing court] committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range." *Id*. If the sentencing court's decision is procedurally sound, then the reviewing court should consider the substantive reasonableness of the sentence under the abuse-of-discretion standard. *Id*.

Before determining the substantive reasonableness of the sentence, the Court must first determine whether the magistrate judge's decision was procedurally sound. Scott argues that the magistrate judge improperly applied a two-level enhancement pursuant to U.S.S.G. 3C1.1 for obstruction of justice because Scott's failure to appear for sentencing was not willful. Instead, Scott states that "he fell upon hard times and was unable to be present . . . ." Defendant's Brief, DN 24 at p. 8. Scott further contends that his previous appearances in court demonstrates that he was not purposefully obstructing justice. If the two-level enhancement were not applied, Scott's applicable sentencing guideline would be 12-18 months.

Pursuant to U.S.S.G. § 3C1.1, a two-level enhancement is proper if the defendant willfully obstructs the administration of justice with respect to the sentencing of the instant offense of conviction and the obstructive conduct related to either the defendant's offense of conviction and any relevant conduct. The related application notes expressly list "willfully

failing to appear, as ordered, for a judicial proceeding." U.S.S.G. § 3C1.1 Application Note 4(E). The sentencing court has discretion in deciding whether or not a defendant's action constitute an obstruction of justice pursuant to the Guidelines. *Gall*, 552 U.S. at 51. Here, despite Scott's contention that his failure to appear was not willingly because he fell on "hard times," the Court finds that the magistrate judge properly applied the two-level enhancement. Scott not only failed to appear as ordered at the scheduled October 6, 2010 sentencing hearing, but he fled the jurisdiction. The amount of time that passed between the issuance of the arrest warrant and his arrest in Maryland further illustrate that his conduct was intentional. Accordingly, the magistrate judge did not incorrectly calculate the applicable guidelines sentence.

Next, Scott argues that the magistrate judge failed to sufficiently articulate the reason for rejecting the sentence recommended by the government and for imposing the chosen sentence. After imposing the 18-month sentence, the magistrate judge stated:

> "As justification for the sentence imposed, the court's considered the factors under 18, U.S. Code, Section 3553(a) and the advisory guidelines, which produce a total offense level of 8, and the defendant's criminal history category is VI. Therefore, there is an advisory guideline range of 18 to 24 months, a fine of $1,000 to $10,000, and supervised release of not more than one year.
>
> The court believes a reasonable sentence to be 18 months custody followed by one year of supervised release, which falls within the advisory guidelines and is sufficient, but not greater than necessary, to comply with the conditions under Section 3353(a)(2) and further satisfies the statutory provisions.
>
> The court will further notice that having reviewed the presentence report, the court does not find any mitigating circumstances which would result or justify a downward variance from the advisory guidelines."

Sentencing Transcript, DN 20 at p. 11-12. In accordance with the Sixth Circuit's procedural rule set forth in *United States v. Bostic*, 371 F.3d 865, 872-73 (6th Cir. 2004), the magistrate judge then asked if there were any objections to the sentence imposed. *Id*. at p. 12. In response,

counsel for Scott did not raise any objections. *Id*. Because Scott did not raise this procedural inadequacy issue at the time of sentencing, this Court will review this claim only for plain error. *United States v. Harden*, 195 Fed. Appx. 382, 385 (6th Cir. 2006) (citing *United States v. Bostic*, 371 F.3d 865, 873 (6th Cir. 2004)).

Pursuant to 18 U.S.C. § 3553(c), the sentencing court shall state in open court the reasons for imposing the particular sentence. "While a [sentencing court] need not engage in a ritualistic incantation of the § 3553(a) factors in order to render a reasonable sentence, the sentencing judge must articulate its reasoning in deciding to impose a sentencing in order to allow for reasonable appellate review." *Harden*, 195 Fed. Appx. at 386 (internal citations and quotations omitted). "A [sentencing judge's] perfunctory statement that it has considered the § 3553(a) factors, even when repeated, does not relieve the court of its obligation to explain how the factors informed its ultimate determination." *Id*.

Here, although the magistrate judge's explanation for the sentence imposed does not expressly list the § 3553(a) factors, the Court cannot conclude that the magistrate judge did not sufficiently articulate the reasons for imposing the sentence. The magistrate judge heard from both sides regarding the two-level enhancement and Scott's personal characteristics and extensive criminal history. The magistrate judge then adopted the PSR and noted the sentencing guidelines range of 18 to 24 months. The magistrate judge stated that he considered the § 3553(a) factors and found a sentence of 18-months to be an appropriate sentence which was sufficient but not greater than necessary to comply with the conditions of § 3553(a)(2). Further, the magistrate judge noted restitution was not an issue in this case and considered the kinds of sentences available, as evidenced by the special condition of drug aftercare imposed on the term of supervised release. Although Scott argues that the magistrate judge did not provide any

reason for rejecting the government's recommendation of 12-months' probation, the magistrate judge explained that he did not find any mitigating circumstances that would justify a sentence outside the guidelines. Thus, there is "sufficient evidence in the record to affirmatively demonstrate the court's considerations of [the § 3553(a) sentencing factors]." *United States v. McBride*, 434 F.3d 470, 476 n.3 (6th Cir. 2006). Accordingly, the magistrate judge sufficiently articulated the reasons for the sentence imposed and the sentence was procedurally reasonable.

Having found that the magistrate's decision was procedurally sound, the Court must now determine whether the 18-month sentence was substantively reasonable. "The touchstone for our review is whether the length of the sentence is reasonable in light of the § 3553(a) factors." *United States v. Tate*, 516 F.3d 459, 469 (6th Cir. 2008). "A reviewing court will find that a sentence is substantively *unreasonable* 'where the [ ] court select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors, or giv[es] an unreasonable amount of weight to any pertinent factor.' " *Id*. (quoting *United States v. Ferguson*, 456 F.3d 660, 664 (6th Cir. 2006)) (alterations in original).

In determining whether a sentence is substantively reasonable, "[t]he court will, of course, take into account the totality of the circumstances, including the extent of any variance from the Guidelines range. If the sentence is within the Guidelines range, the appellate court may, but is not required to, apply a presumption of reasonableness." *Gall*, 552 U.S. at 51. The Sixth Circuit has adopted the presumption of reasonableness standard: "[W]e accord a presumption of reasonableness to a sentence that lies within the advisory Guidelines range." *United States v. Thompson*, 515 F.3d 556, 561 (6th Cir. 2008). Here, Because Scott's sentence falls within the applicable guideline range, his sentence is afforded a presumption of reasonableness. *See Thompson*, 515 F.3d at 561.

Here, Scott argues that by not following the memorandum of plea agreement and imposing the 18-month sentence, the magistrate judge imposed a sentence that was greater than necessary to achieve justice. Scott notes that neither counsel for Defendant nor counsel for the government were the attorneys who negotiated the plea agreement, and that therefore, neither attorney at sentencing was in a position to argue the particular factors considered by the parties in entering the plea agreement. According to Scott, this is important because the magistrate judge could have given weight to the plea agreement had counsel been in a position to articulate its reasons for the recommended sentence of one year probation. Scott's argument is based on mere speculation and the Court finds that this is not a sufficient reason to overcome the presumptive reasonableness of the sentence imposed. *See United States v. Elliot*, 327 Fed. Appx. 540 (6th Cir. 2009) (holding that a sentence of 202 months imprisonment was not substantively unreasonable even though the government recommended 70 – 87 months imprisonment). Scott, by signing the plea agreement and entering a plea of guilty, acknowledged that the government's recommendation was not binding on the court.[1]

Scott further argues that the magistrate judge failed to give appropriate weight to the § 3553(a)(2) factors by failing to properly consider the collateral punishment Scott will suffer as a result of the imprisonment. Specifically, Scott argues that he will suffer collateral punishment as it relates to being removed from his children and the effects of the removal on the education of

---

[1] The plea agreement, signed by Scott, stated as follows:

> The defendant acknowledges that he/she understands that the above is a sentencing recommendation made to the Court by the United States and that the Court is not bound to sentence the defendant in conformance with the recommendation. Further, the defendant understands that if the Court elects not to follow the recommendation for any reason, the defendant will not be allowed to withdraw his/her plea(s) of guilty.

Plea Agreement, DN 24-1.

his children.  Although the Court is certainly sympathetic to Scott's desire to remain with his children, the Court cannot conclude that this collateral consequence is sufficient to overcome the presumptive reasonableness of the imposed sentence.  Given Scott's extensive criminal history, the magistrate judge did not abuse his discretion in failing to impose a sentence below the guidelines range based solely on Scott's family circumstances.  Accordingly, the sentence imposed by the magistrate judge was not substantively unreasonable.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that the Judgment and Commitment Order entered by the United States Magistrate Judge at Fort Campbell, Kentucky is AFFIRMED and the appeal is DISMISSED.